[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S POST DISSOLUTION MOTION FOR CONTEMPT RE: CHILD SUPPORT (#491)
The defendant, pursuant to C.G.S. § 46b-71(a), has filed a judgment CT Page 4205 of the Commonwealth of Virginia, Fairfax County Juvenile and Domestic Relations District Court, dated March 3, 1988, in this case. In that judgment, the defendant here was plaintiff, and the plaintiff here was defendant; the judgment was for unpaid child support in the amount of $4,625. The defendant has filed a motion for contempt regarding child support and requests this court find the plaintiff in contempt of the 1988 Virginia judgment; he further seeks an order of payment on the judgment and counsel fees.
The court finds that the judgment from Virginia is not a "foreign matrimonial judgment" which may be enforced under § 46b-70 et seq. In § 46b-70, a foreign matrimonial judgment is defined as a "judgment, decree or order of a court of any state in the United States in an actionfor divorce, legal separation, annulment or dissolution of marriage, for the custody . . . or support of children . . ." (emphasis supplied). Although the judgment is for child support arrears, it did not arise out of an action for divorce, legal separation, annulment or dissolution of marriage. It arose out of a petition for support. If the defendant wishes to enforce this judgment he is invited to review the provisions of C.G.S. § 46b-212 et seq, the Uniform Interstate Family Support Act. A support order is defined under § 46b-212a(22) as "a judgment . . . for the benefit of a child . . . which provides for monetary support . . ." Under § 46b-213g, a support order issued by another state "may be registered in this state for enforcement with the registry of support orders of the Family Support Magistrate Division . . ." Section 46b-212b provides that "The Family Support Magistrate Division is the tribunal for the filing of petitions under Sections46b-212 to 46b-213v." The Virginia judgment is improperly filed in this case, therefore the court declines the request to enforce it.
Defendant's motion for contempt regarding child support is denied.
Domnarski, J